51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Napoleon HARTSFIELD, Plaintiff-Appellant,
v.
Donald ISOM; Robert Austin; Douglas Green; Dale Ninko, in
their individual capacities, Defendants-Appellees.
 No. 94-1883.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: JONES and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Napoleon Hartsfield, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed under multiple statutes. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Hartsfield sued multiple prison officials in their individual capacities. Hartsfield essentially alleged that while he was being removed to the prison yard, defendants applied handcuffs too tightly, resulting in Hartsfield's hands becoming numb. Hartsfield claimed that the handcuffs were tightly placed on his wrists in retaliation for Hartsfield's previous litigious activities. Hartsfield also alleged that he was subjected to verbal harassment and that defendants engaged in a conspiracy to violate his civil rights. Defendants moved for summary judgment. Hartsfield did not file a response to defendants' motion. The district court granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Hartsfield argues that: 1) his verified complaint was sufficient to overcome defendants' motion for summary judgment; 2) he was not given the opportunity to respond to defendants' motion for summary judgment; 3) he was subjected to cruel and unusual punishment when the handcuffs were placed too tightly on his wrists; 4) he was subjected to retaliation for writing grievances; 5) his grievances were not properly processed; and 6) he was subjected to harassment. Hartsfield requests the appointment of counsel.
 
 
 5
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that the district court erred in granting summary judgment for the defendants. Hartsfield contends that his verified complaint and verified amended complaint were sufficient to overcome defendants' motion for summary judgment. Hartsfield is correct. A verified complaint may serve as opposing affidavits, sufficient to rebut a motion for summary judgment, if properly supported. 28 U.S.C. Sec. 1746; Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993); Williams v. Browman, 981 F.2d 901, 903-05 (6th Cir.1992) (per curiam); Hooks v. Hooks, 771 F.2d 935, 945-46 (6th Cir.1985). As the parties disagree about the facts underlying Hartsfield's claims concerning cruel and unusual punishment, harassment, and retaliation, genuine issues of fact prevent summary judgment from being granted to the defendants. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Moore v. Holbrook, 2 F.3d 697, 699-701 (6th Cir.1993).
 
 
 7
 Hartsfield also argues that he was not provided sufficient time to respond to the defendants' motion for summary judgment. Defendants moved for summary judgment on October 27, 1993, and the district court issued its decision on July 13, 1994. Thus, Hartsfield had nearly nine months to respond to defendants' motion. However, this issue is rendered moot because the case is being remanded back to the district court for further proceedings.
 
 
 8
 Finally, because there are genuine issues of material fact which prevent defendants from obtaining summary judgment, Hartsfield's remaining arguments must be reexamined by the district court on remand. We provide no comment as to the merits of Hartsfield's allegations.
 
 
 9
 Accordingly, we deny the request for counsel, vacate the district court's judgment, and remand the case to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation